Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Campus Drive
P.O. Box 677
Florham Park, NJ 07932-0677
(973) 360-7900

*Attorneys for the AremisSoft Corporation Liquidating Trust*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AREMISSOFT CORPORATION,<br>a Delaware corporation,<br><br>                Debtor. | Civil Action No.<br>02-CV-01336 (JAP)<br>Honorable Joel A. Pisano<br><br>Chapter 11<br>Bankruptcy Case No.<br>02-32621 (RG) |

- AND -

| | |
|---|---|
| In re:<br><br>AREMISSOFT CORP.<br>SECURITIES LITIGATION | Civil Action No.<br>01-CV-2486 (JAP) |

**MOTION OF THE AREMISSOFT
CORPORATION LIQUIDATING TRUST FOR AN ORDER
DISALLOWING DUPLICATE AND/OR UNDELIVERABLE
<u>CLAIMS AND PROVIDING OTHER RELATED RELIEF</u>**

**TO THE HONORABLE JOEL A. PISANO,
UNITED STATES DISTRICT JUDGE:**

THE AREMISSOFT CORPORATION LIQUIDATING TRUST (the "Trust"), by JOSEPH P. LASALA and FRED S. ZEIDMAN, co-trustees (the "Trustees"), by and through the Trust's undersigned counsel, Greenberg Traurig, LLP, hereby respectfully seeks an Order of this Court disallowing certain claims filed against the Trust, and providing other related relief. The Trust will rely upon this Motion, the Affidavit of Joseph P. LaSala (the "LaSala Affidavit") and Exhibit "A" annexed thereto. Pursuant to L. Civ. R. 7.1(e)(1) a Proposed Order is also submitted herewith. Further, pursuant to L. Civ. R. 7.1(d) the Trust respectfully submits that due to the straightforward nature of this pleading, a brief is not necessary, and in respect whereof, respectfully sets forth as follows:

## I.

## PRELIMINARY STATEMENT

1. By this Motion, the Trust seeks an Order of this Court disallowing certain claims filed against the Trust and confirming that no distributions shall be made with respect to other claims (the "Subject Claims"). The Subject Claims and the proposed treatment thereof are identified on the schedule (the "Schedule") annexed as Exhibit "A" to the LaSala Affidavit filed in support hereof.

## II.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction and authority over this matter pursuant to the Order of this Court approving the Class Settlement dated March 2, 2004, at Paragraph 14;[1] Article 9, Section 9.01 of the Plan of Reorganization (the "Plan"), confirmed by this Court, reserving the authority of the Trust to object to claims; Paragraph 23 (retention of jurisdiction provisions) of the Order of this Court dated July 1, 2002 (the "Confirmation Order") confirming the Plan which reserves jurisdiction over issues governing the Trust in this Court;[2] as well as Section 4.3 of

---

[1]  The Order states:

> WHEREAS, this Court has retained jurisdiction of the above-captioned action and proceeding for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Plan and the Amended Stipulation, the processing of Proofs of Claim, the allocation of distribution of the shares of SoftBrands common stock to Authorized Claimants (including opt-outs), and the allocation of Net Trust Recoveries to Authorized Claimants (which do not include any of the opt-outs).

The Order also provides:

> ORDERED, that this Court shall retain jurisdiction over any further application or matter which may arise in connection with this Motion, the above-captioned action, or the above-captioned proceeding.

[2]  The Confirmation Order provides:

> Following the Effective Date, the Court shall retain and have jurisdiction for the following purposes:
>
> (a) allow, disallow, determine, liquidate, classify, subordinate, estimate or establish the priority or secured or unsecured status of any Claim or Interest, including without limitation the resolution of any request for payment of any Administrative Claim or Priority Tax Claim and the resolution of any and all objections to the allowance or priority of Claims and Interests and to any Class 5 Interest Certificate…

***

the Liquidating Trust Agreement identifying the powers of the trustee of the Trust. Venue of this matter in this district is proper inasmuch as the AremisSoft Corporation ("AremisSoft") Chapter 11 case was filed in this district and is administered in this Court.

### III.

### RELIEF REQUESTED

3.  **Duplicative/Undeliverable Claims**:  In the course of the exercise of their duties to the Trust and in the process of administration of the Trust, the Trustees have become aware that certain claims filed against the Trust should be disallowed. Notwithstanding that those claims were provisionally accepted by the independent claims administrator, the Trustees are thus now aware of distributions that have been made, with respect to certain of these Subject Claims and which distributions have been returned as duplicative, or have been undeliverable.  These

---

(d) ensure that distribution to Holders of Allowed Claims and Holders of Allowed Interests are accomplished pursuant to the provisions of the Plan, including ruling on any Motion filed pursuant to Article 8 of the Plan…

\*\*\*

(g) enter such orders as be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Disclosure Statement…

(h) resolve any cases, controversies, suits or disputes that may arise in connection with the Consummation, interpretation or enforcement of the Plan or any Person's or Entity's obligations incurred in connection with the Plan…

claims are listed among the Subject Claims identified on the Schedule annexed as Exhibit "A" to the LaSala Affidavit.

4. The Trust respectfully seeks an Order providing that any claim, including but not limited to those listed among the Subject Claims, for which distribution is refused or undeliverable after ninety (90) days of issuance be stricken from the rolls of the Trust and its claim administrator, so that the value thereof may be available for the *bona fide* claimants against the Trust.

5. **GAM Claims**: In addition, other claims which were filed nearly two years late without a Motion seeking to deem them timely filed, should create no delay in the distribution process and should be treated accordingly. Four claims were filed against the Trust by related entities: Gamerica Capital Fund; GAM Star America Investments; Gamerica Investments, Inc.; and GAM North America Growth (collectively, "GAM" and the "GAM Claims"). The GAM Claims are likewise identified on the Schedule.

6. While the last date to file claims against the Trust was July 19, 2002, these claims were filed on or after June 24, 2004, approximately two years after the deadline. Moreover, the GAM Claims were filed several months after the February 2004 extended deadline, as provided for by this Court. Counsel for the Trust has notified counsel for GAM that a Motion to deem the GAM Claims timely would be required, inasmuch as holders of late claims will not share in any distributions.

Any such Motion would require a showing of excusable neglect, *see* <u>Pioneer Investment Services Co., v. Brunswick Associates L.P.</u>, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). While the Trust's counsel has discussed this matter with counsel for GAM, it is not clear that such circumstances exist. But these inquiries have been going on for some time without action on the part of the claimants.

7. Thus, the Trust seeks an Order confirming that absent a further Order, upon proper application, notice and hearing, and with GAM having met its burdens, no distributions shall be made with respect to the GAM Claims; any such motion should be filed only after an escrow is established to protect against the costs the Trust would incur in connection with such a reserve.

## IV.

## <u>CONCLUSION</u>

8. No prior request has been made of this or any other Court for the relief sought herein.

9. Because of the straightforward nature of the relief requested, the Trust respectfully seeks a waiver of the requirement to file a separate memorandum of law in support hereof.

WHEREFORE, the Trust respectfully seeks an Order of this Court (1) disallowing certain of the Subject Claims determined to be duplicative and/or

undeliverable and (2) ordering that, absent a further Order, upon proper application, notice and hearing, and with GAM having met its burdens, no distributions shall be made with respect to the GAM Claims; and (3) such other and further relief as is just and proper.

Dated: April 29, 2005                    GREENBERG TRAURIG, LLP

                                                  By: s/ David Jay
                                                     Hal M. Hirsch
                                                     David Jay
                                              200 Campus Drive
                                              P.O. Box 677
                                              Florham Park, New Jersey 07932-0677
                                              (973) 360-7900

                                              *Attorneys for the AremisSoft Corporation Liquidating Trust*