NS

**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Campus Drive
P.O. Box 677
Florham Park, NJ 07932-0677
(973) 360-7900

*Attorneys for the AremisSoft Corporation Liquidating Trust*

RECEIVED
WILLIAM T. WALSH, CLERK
2005 MAY -5 P 12:58
UNITED STATES
DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Civil Action No. 02-CV-01336 (JAP) |
| AREMISSOFT CORPORATION, a Delaware corporation, | Honorable Joel A. Pisano |
| Debtor. | Chapter 11 Bankruptcy Case No. 02-32621 (RG) |

- AND -

| | |
|---|---|
| In re: | |
| AREMISSOFT CORP. SECURITIES LITIGATION | Civil Action No. 01-CV-2486 (JAP) |

**ORDER DISALLOWING DUPLICATE AND/OR UNDELIVERABLE**
**CLAIMS AND PROVIDING OTHER RELATED RELIEF**

Upon the *Motion of AremisSoft Corporation Liquidating Trust for an Order Disallowing Duplicate and/or Undeliverable Claims and Providing Other Related*

*Relief* (the "Motion"), filed on behalf of the AremisSoft Corporation Liquidating Trust (the "Trust") seeking to disallow certain claims filed against the Trust and providing other related relief with respect to certain claims (collectively the "Subject Claims") filed against the Trust, which Subject Claims were identified on a schedule filed as Exhibit "A" to the Affidavit of Joseph P. LaSala submitted in support of the Motion and on the Schedule annexed as Exhibit "A" hereto; and upon the Affidavit of Joseph P. LaSala, a Trustee of the Trust, in support of the Motion; and good and sufficient notice and service of the relief sought in the Motion having been provided; and this Court having found, concluded and determined that the Trustees of the Trust have the authority to object to claims asserted against the Trust and seek the relief requested in the Motion; and this Court having found, concluded and determined that this Court has the jurisdiction and authority to hear and determine objections to claims, and the relief sought in the Motion, and issue a final Order thereon; and this Court having found, concluded and determined that the Subject Claims should be treated as set forth on the Schedule annexed as Exhibit "A" hereto; and the Trust having sustained its burdens with respect to the relief sought in the Motion; and good and sufficient cause appearing; it is

ORDERED, that any and all distributions, whether cash, stock, or other, in respect of the Subject Claims, shall be treated as set forth on the Schedule annexed as Exhibit "A" hereto; and it is further

ORDERED, that any claims asserted against the Trust for which distributions are refused or undeliverable after ninety (90) days of issuance be stricken from the rolls of the Trust and its claims administrator, including but not limited to the Subject Claims identified as refused or undeliverable on the Schedule annexed as Exhibit "A" hereto; and it is further

ORDERED, that the Trust's claim administrator be, and hereby is, authorized to recalculate distributions to all *bona fide* beneficiaries of the Trust as a consequence of the relief granted herein; and it is further

ORDERED, that with respect to Claim Nos. 6138, 6139, 6140 and 6141 (the "GAM Claims") identified as Subject Claims on the Schedule annexed as Exhibit "A" hereto, no reserve shall be established in respect of such claims unless an escrow is established in favor of the Trust in the sum of two-hundred fifty thousand dollars ($250,000.00) to secure against the anticipated, estimated costs of such reserve, and no distribution shall be made in respect of the GAM Claims absent a further Order of the Court upon proper application, notice, hearing and sustaining of appropriate burdens in connection therewith; and it is further

deleted
JP.

ORDERED, that in aid of the relief set forth above, relief shall be granted with respect to the Subject Claims as set forth in the Schedule annexed as Exhibit "A" hereto.

Dated: Newark, New Jersey
May 5, 2005

JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**AremisSoft Corporation Liquidating Trust**

***Subject Claim Schedule***

(Last Date to File Claims Against Trust: July 19, 2002)

| No. | Claimant | Address of Claimant | Claim Timely Filed? | Provisionally Allowed Amount by Claims Administrator | Disposition |
|---|---|---|---|---|---|
| 5860 | SB Travelers Disciplined | Small Cap Stock Port<br>125 Broad Street<br>Dept. 9<br>New York, New York 10004 | Yes<br>July 2, 2002 | $75,568.01 | Disallowed as duplicate or undeliverable; distribution cancelled retroactively |
| 3689 | JIK Investments Two LP-RCO | c/o Strong Capital Management<br>100 Heritage Reserve<br>Menomonee Falls, Wisconsin 53051 | Yes<br>July 2, 2002 | $6,472.61 | Disallowed as duplicate or undeliverable; distribution cancelled retroactively |
| 3390 | Mellon Trust/Boston Sale, as Agent for: Its client | 525 William Penn Place<br>Room 3418<br>Pittsburgh, Pennsylvania 15259 | Yes<br>July 10, 2002 | $388,755.55 | Disallowed as duplicate or undeliverable; distribution cancelled retroactively |
| 6138 | GAM Star America Investments | George's Quay House<br>43 Townsend Street<br>Dublin 2<br>Ireland | No<br>Filed on<br>June 24, 2004 | 0.00 | Asserted in the amount of $892,777.20<br>Disposition: As set forth in the pre-fixed Order |
| 6139 | GAM North America Growth | c/o GAM Funds, Inc.<br>12 St. James Place<br>London SWIA INX<br>United Kingdom | No<br>Filed on<br>June 24, 2004 | 0.00 | Asserted in the amount of $886,167.60<br>Disposition: As set forth in the pre-fixed Order |
| 6140 | Gamerica Capital Fund | c/o GAM Funds, Inc.<br>GAM USA, Inc.<br>135 East 57 Street<br>New York, New York 10022 | No<br>Filed on<br>June 24, 2004 | 0.00 | Asserted in the amount of $3,986,758.80<br>Disposition: As set forth in the pre-fixed Order |
| 6141 | Gamerica Investments, Inc. | George's Quay House<br>43 Townsend Street<br>Dublin 2<br>Ireland | No<br>Filed on<br>June 24, 2004 | 0.00 | Asserted in the amount of $861,250.00<br>Disposition: As set forth in the pre-fixed Order |