GREENBERG TRAURIG, LLP
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Campus Drive
P.O. Box 677
Florham Park, New Jersey  07932-0677
Phone:   (973) 360-7900
Fax:      (973) 301-8410

*Attorneys for the AremisSoft Liquidating Trust*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AREMISSOFT CORPORATION,<br>a Delaware corporation,<br><br>Debtor.<br><br>- AND -<br><br>In re:<br><br>AREMISSOFT CORPORATION<br>SECURITIES LITIGATION | Civil Action No. 02-CV-01336 (JAP)<br>Honorable Joel A. Pisano<br><br>Chapter 11<br>Bankruptcy Case No.02-32621 (RG)<br><br><br><br>Civil Action No. 01-CV-2486 (JAP) |

**ORDER AUTHORIZING AND DIRECTING PAYMENT OF DISHONORED
DISTRIBUTION CHECKS DEPOSITED OR CASHED BY BENEFICIARIES
WITHIN THE DISTRIBUTION PERIOD AND GRANTING RELATED RELIEF**

Upon the *Motion of the AremisSoft Liquidating Trust for Approval of Payment of Dishonored Distribution Checks Deposited or Cashed Within the Distribution Period, and for Related Relief* (the "Motion"), filed on behalf of Joseph P. LaSala and Fred S. Zeidman, as trustees (the "Trustees") of the AremisSoft Liquidating Trust (the "Trust"), seeking to authorize and direct the re-issuance of certain dishonored distribution checks to certain Trust beneficiaries identified on the schedule annexed as Exhibit "A" hereto;

and upon the Memorandum of Law in support thereof; and upon the affidavit furnished by The Garden City Group, Inc. ("GCG"), the Trust's claims agent, in support of the Motion and annexed thereto; and notice of the Motion having been provided to all Authorized Claimants by mail; and good and sufficient notice and service of the Motion to all parties having been provided; and this Court having determined that the Trustees of the Trust have the authority to seek the relief requested in the Motion; and this Court having determined that this Court has the jurisdiction and authority to hear and determine the relief sought in this Motion, and issue a final Order thereon; and it appearing that in accordance with the prior Order of this Court dated June 5, 2005, the Trustees, through GCG, the Trust's claims agent, issued distributions on June 23, 2005 (the "Distribution Date"), of Trust funds totaling \$139,999,999.69, to 5,901 beneficiaries whose allowed claim amounts and distribution percentages were previously approved by this Court, equal to 28.05787214% per allowed claim dollar (the "Authorized Claimants"); and upon the affidavit furnished by GCG attesting to the distribution, dated August 17, 2005, and filed with this Court; and that in accordance with the prior Order of this Court, each distribution check bore the legend "VOID AFTER 90 DAYS"; and that upon the return of certain distribution checks or other diligence or communication, GCG investigated and re-issued certain distributions by way of replacement checks bearing the legend "VOID AFTER SEPTEMBER 21, 2005", given that September 21, 2005 was the ninetieth (90th) day after the Distribution Date; and that each distribution check was accompanied by a check-stub notice consistent with an Order of this Court, dated May 5, 2005, which notice clearly notified the Authorized Claimants to negotiate their checks within ninety (90) days from the Distribution Date; and that 5,423 of the 5,901 Authorized Claimants

2

(or 91.9%) negotiated their distribution checks, and $136,326,221.68 of $139,999,999.69 (or 97.4%) were paid thereon, by the ninetieth (90th) day after the Distribution Date; and that the Authorized Claimants identified on the schedule annexed as Exhibit "A" hereto deposited or sought to cash their distribution checks with their banks on or prior to the ninetieth (90th) day after the Distribution Date but their checks were dishonored thereafter; and it appearing that lead class counsel support the relief sought in the Motion; and the Trust having sustained its burdens with respect to the relief sought in the Motion; and good and sufficient cause appearing to grant the relief sought in the Motion; and without prejudice to any additional requests of the Trustees; it is

ORDERED that the Trustees be and hereby are, authorized and directed to issue payment, by mail, to the Authorized Claimants in the amounts and as set forth on the scheduled annexed as Exhibit "A" hereto and each such distribution check shall be void after the ninetieth (90th) day after issuance thereof, such that the Authorized Claimants must deposit or cash their distribution checks so that the distribution checks are actually paid by the Trust's bank on or before the ninetieth (90th) day after distribution thereof, and no distribution check shall be paid after such ninetieth (90th) day; and it is further

ORDERED, that each such distribution check shall be accompanied by a notice which shall bear a legend to the effect that the distribution check must be negotiated so as to assure that the beneficiary is actually paid before the expiration of ninety (90) days from the date of issuance, and therefore no such distribution check shall be honored if not actually paid through the inter-bank system on or before the ninetieth (90th) day after issuance thereof; and each such check shall be accompanied by a true copy of this Order

3

(without exhibit); and such shall also be sufficient notice to the recipient/beneficiaries of the provisions hereof; and it is further

ORDERED, that this Court shall retain the jurisdiction and authority to determine any disputes with respect to, and to enforce, the terms of this Order.

Dated: Newark, New Jersey
　　　Jan. 20, 2006

_____
JOEL A. PISANO
UNITED STATES DISTRICT JUDGE

ny2-fs1\828337v04


The Garden City Group, Inc.

## AREMISSOFT LIQUIDATING TRUST
## LIST OF 16 UNFUNDED CHECKS TIMELY STAMPED RECEIVED ON OR BEFORE SEPTEMBER 21, 2005

| | Claimant Name | Claim Number | Check Number | Check Date | Check Amount | Date Check was Stamped Received by Chase JPMorgan's Bank |
|---|---|---|---|---|---|---|
| 1 | Paul Lyons | 5807 | 2324 - Original 6107 - Reissue | Reissued on 8/30/2005 | $3,134.06 | 9/19/2005 |
| 2 | Jack C. Land | 2011273 | 4084 - Original 6389 - Reissue | Reissued on 9/14/2005 | $261.70 | 9/20/2005 |
| 3 | James G. Vangelis | 4712 | 1933 | 6/22/2005 | $185.29 | 9/20/05 |
| 4 | Walker Rose (Cayman) LTD | 2015952 | 4675 | 6/22/2005 | $447.64 | 9/20/2005 |
| 5 | Evan Cedric Cowart | 2002596 | 3248 | 6/22/2005 | $22.09 | 9/21/2005 |
| 6 | Jayme Chua | 2006241 | 3652 | 6/22/2005 | $53.89 | 9/21/2005 |
| 7 | AA Retirement Plan Trust | 2013238 | 4353 | 6/22/2005 | $36,039.97 | 9/21/2005 |

1 of 2

| Claimant Name | Claim Number | Check Number | Check Date | Check Amount | Date Check was Stamped Received by the Joe Claimant's Bank |
|---|---|---|---|---|---|
| 8 John Mattus & Jim Mattus | 100317 | 2628 - Original 6130 - Reissue | Reissued on 8/30/2005 | $3,247.42 | 9/21/05 |
| 9 Stanley J. Starn | 2002975 | 3296 - Original 6180 - Reissue | Reissued on 8/30/2005 | $29,909.97 | 9/21/05 |
| 10 Donna Jonsson | 2013047 | 4344 - Original 6265 - Reissue | Reissued on 8/30/2005 | $111.97 | 9/21/2005 |
| 11 Dwight M. Wever | 5003377 | 5187 - Original 6328 - Reissue | Reissued on 8/30/2005 | $82.54 | 9/21/2005 |
| 12 Delaware Investments American Services | 4296 | 1699 - Original 6405 - Reissue | Reissued on 9/16/2005 | $1,794.77 | 9/21/2005 |
| 13 John D. & Catherine T. MacArthur Foundation | 4375 | 1749 - Original 6412 - Reissue | Reissued on 9/16/2005 | $63,909.26 | 9/21/2005 |
| 14 Arthur L. Stein | 100507 | 2685 - Original 6137 - Reissue 6430 - Reissue | Reissued on 8/30/05 & 9/19/2005 | $16,819.80 | 9/21/2005 |
| 15 Thanh Tran | 2006965 | 3689 - Original 6203 - Reissue | Reissued on 8/30/2005 | $19.11 | 9/21/2005 |
| 16 Jeffrey Grant Norris | 2002002 | 3140 - Original 6166 - Reissue | Reissued on 8/30/2005 | $103.40 | 9/20/2005 |
|  |  |  | TOTAL = | $156,142.88 |  |