UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AREMISSOFT CORPORATION,<br>a Delaware corporation,<br><br>Debtor. | Civil Action No.<br>02-CV-01336 (JAP)<br>Honorable Joel A. Pisano<br><br>Chapter 11<br>Bankruptcy Case No.<br>02-32621 (RG) |
| - AND - | |
| In re:<br><br>AREMISSOFT CORP.<br>SECURITIES LITIGATION | Civil Action No.<br>01-CV-2486 (JAP) |

RECEIVED
DEC 29 2008
AT 8:30
WILLIAM T. WALSH
CLERK

**ORDER APPROVING DISTRIBUTION PERCENTAGES FOR
SECOND INTERIM CASH DISTRIBUTION TO AUTHORIZED
CLAIMANTS AND AUTHORIZING THE RESOLUTION OF
CERTAIN DISPUTED FIRST INTERIM CASH DISTRIBUTION CLAIMS**

Upon the *ex parte* Application of the AremisSoft Liquidating Trust for an Order (i) Approving Distribution Percentages for Second Interim Cash Distribution to Authorized Claimants and (ii) Resolving Certain First Interim Cash Distribution Claims (the "Application"), filed on behalf of the AremisSoft Liquidating Trust (the "Trust"), seeking approval of the Trust distribution percentages for the second interim cash distribution (the "Second Interim Cash Distribution") to authorized Trust beneficiaries ("Authorized Claimants"), which Trust distribution percentages

NY 239,231,704v1

("Trust Distribution Percentages") are identified on the schedule annexed to the Affidavit of Shandarese Garr of The Garden City Group (the Trust's "Claim Administrator"), filed in support of the Application (the "Garr Affidavit"); and upon the Garr Affidavit; and this Court having determined that the proposed Trust Distribution Percentages should be approved as set forth in the Garr Affidavit; and other good and sufficient cause appearing; it is

ORDERED, that the Claim Administrator's calculations of the Trust Distribution Percentages for the Second Interim Cash Distribution to Authorized Claimants are approved, and that one percent (1%) of each Authorized Claimant's remaining recognized claim is to be allocated to the respective Authorized Claimant in proportion to the percentage interests shown in the printout of accepted claims submitted with and described in the Garr Affidavit; and it is further

ORDERED, that pursuant to the "SoftBrands Obligation" as set forth in the First Amended Plan of Reorganization of AremisSoft Corporation Jointly Proposed By the Debtor and SoftBrands Inc., and the Liquidating Trust Agreement, a distribution equaling ten percent (10%) of the total of the approved Second Interim Cash Distribution is to be allocated by the Claim Administrator to SoftBrands, Inc.; and it is further

ORDERED, that the disputed claims of two Authorized Claimants under the terms of the First Interim Cash Distribution are approved and that these two

Authorized Claimants, only, are to be reimbursed a total of $48,622.44 as described in the Application and supporting Garr Affidavit; and it is further

ORDERED, that any claims asserted against the Trust for which distributions are refused or undeliverable after ninety (90) days of issuance be stricken from the rolls of the Trust and its Claim Administrator; and it is further

ORDERED, that for the sake of administrative convenience and expense, no distribution to Authorized Claimants shall be made in an amount less than five ($5.00) dollars, and it is further

ORDERED, that the Trustees shall have the authority to consider and pay the expenses of the Claim Administrator and other expenses of distribution, in the sole discretion of the Trustees; and it is further

ORDERED, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration, allocation, or taxation of net Trust recoveries ("Released Persons") are released and discharged from any and all claims arising out of such involvement, and all Trust beneficiaries and/or Class Members, whether or not they are to receive net Trust recoveries, are barred from making any further claim against the Released Persons beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that this Court shall retain jurisdiction and authority to enforce, and resolve any disputes with respect to implementation of, this Order.

Dated: December 29, 2008

_____
JOEL A. PISANO
UNITED STATES DISTRICT COURT