**GREENBERG TRAURIG LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932-0677
(973) 360-7900
*Attorneys for the AremisSoft Liquidating Trust*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Civil Action No. |
| | 01-CV-2486 (JAP) |
| AREMISSOFT CORPORATION SECURITIES LITIGATION | |
| - AND - | |
| In re: | Chapter 11 Case No. |
| | 02-32621 (RG) |
| AREMISSOFT CORPORATION, a Delaware corporation, | |
| | Civil Action No. |
| | 02-CV-01336 (JAP) |
| Debtor. | |

## CERTIFICATION OF HAL M. HIRSCH

HAL M. HIRSCH, certifies under penalty of perjury as follows:

1. I am a shareholder of Greenberg Traurig, LLP, attorneys for Plaintiffs Joseph P. LaSala and Fred S. Zeidman as Co-Trustees of the

AremisSoft Liquidating Trust (the "Trust"). I am a member in good standing of the Bar of the State of New Jersey and of this Court.

2. I submit this Certification to apprise the Court of the status and results of the Trust's Second Interim Cash Distribution to Authorized Claimants ("Second Distribution") which was authorized by Order issued by this Court on December 29, 2008.

3. Attached to this Certification is the Affidavit of Shandarese Garr ("Garr Affidavit") of the Garden City Group (the Trust's "Claims Administrator") which sets forth the details concerning the Second Distribution.

4. With respect to Ex. B of the Garr Affidavit, and the inquires of Claimants identified as 2, 3, 4, 5, 6, 9, 10 and 11, the Trust has investigated the issues raised by the inquiries. Based on the results of the investigation, the Trust has advised the Claimants that it cannot re-issue a distribution check to the Claimants.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of June 2009.

                                                    /s/ Hal M. Hirsch
                                                    Hal M. Hirsch.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>AREMISSOFT CORPORATION, a Delaware corporation,<br><br>        Debtor.<br><br>- AND -<br><br>In re:<br><br>AREMISSOFT CORP. SECURITIES LITIGATION | Civil Action No.<br>02-CV-01336 (JAP)<br>Honorable Joel A. Pisano<br><br>Chapter 11<br>Bankruptcy Case No.<br>02-32621 (RG)<br><br>Civil Action No.<br>01-CV-2486 (JAP) |

**AFFIDAVIT OF SHANDARESE GARR REGARDING THE SECOND INTERIM CASH DISTRIBUTION FROM THE AREMISSOFT LIQUIDATING TRUST**

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF SUFFOLK  )

SHANDARESE GARR, being duly sworn, deposes and says:

1. I am the Vice President and Managing Director of Strategic Initiatives for The Garden City Group, Inc. ("GCG"). GCG was retained as the Claims Administrator in connection with the above-captioned matter (the "Litigation"). I have personal knowledge of the facts stated herein.

2. In accordance with the Order Approving Distribution Percentages for Second Interim Cash Distribution to Authorized Claimants and Authorizing the Resolution of Certain Disputed First Interim Cash Distribution Claims issued by this Court dated December 29, 2008, GCG distributed to Authorized Claimants 4,407 checks in the aggregate amount of $3,627,747.14 (the "Second Interim Distribution") from a fund established by the AremisSoft

Liquidating Trust (the "Trust") by pre-paid, first class mail, on December 31, 2008. These checks were valid for a period of 90 days or until March 31, 2009. The mailings were also accompanied by a stuffer letter that briefly detailed the proceedings that had taken place since the First Interim Cash Distribution in June of 2005, which is attached as Exhibit A.

3. Following the Second Interim Distribution, GCG monitored the status of the checks issued. As of March 9, 2009, GCG received a total of 74 requests from Authorized Claimants via mail, e-mail or otherwise for their checks to be reissued for a variety of reasons, mostly due to lack of receipt of their check in the mail. As is our standard practice, GCG also made reasonable attempts to locate the claimants whose checks were returned with an undeliverable address by the United States Post Office. On March 9, 2009, GCG performed a National Change of Address Search ("NCOA") on the claims with undeliverable checks. Of the 395 undeliverable addresses run against the NCOA database, GCG received 138 new addresses. GCG updated all address changes where applicable, and on March 11, 2009 mailed a total of 212 reissues in the aggregate amount of $126,037.76 to Authorized Claimants. These checks were mailed along with a reminder buckslip that contained the following notation:

> "PLEASE CASH PROMPTLY AS THIS CHECK WILL BE VOID AFTER MARCH 31, 2009. NO CHECK WILL BE REISSUED AFTER THIS DATE AND YOUR RIGHT TO A DISTRIBUTION MAY BE FORFEITED BY ORDER OF THE COURT."

4. Further to the above actions, GCG received another five requests for check reissues as the March 31, 2009 void date approached. In order for these checks to reach the claimants who requested the reissues in an appropriate amount of time for them to negotiate the checks before the void date, GCG mailed these five reissues totaling $25,415.92 via overnight Fed Ex on March 24, 2009.

5. Based on the remaining balance in the distribution account and the number of remaining undeliverable checks and uncashed checks, GCG received approval from Lead

Counsel on April 9, 2009 to perform additional efforts to further reduce the number of undeliverable or uncashed checks with an ultimate cutoff of April 24, 2009. Subsequent to this approval, GCG attempted to locate new addresses for the remaining claims with undeliverable checks using ChoicePoint, a vendor that specializes in the retrieval of information utilizing the claimant's Social Security Number. On April 10, 2009, GCG sent 242 records to ChoicePoint, and as a result, was able to obtain new addresses for 94 claims in the total amount of $11,107.60. Furthermore, GCG contacted all claimants with uncashed checks over $100 by telephone on April 13, 2009 to urge them to either cash their checks or request a replacement check. As a result of these efforts, GCG received 21 additional reissue requests totaling $50,891.29 asking that their checks from the Second Interim Cash Distribution be replaced. GCG updated all addresses where applicable and on April 17, 2009, mailed 115 reissues in the aggregate amount of $61,998.89. These checks were only valid until April 24, 2009, and were also mailed along with a reminder buckslip that contained the following notation:

> "PLEASE CASH THIS CHECK IMMEDIATE UPON RECEIPT. NO ADDITIONAL CHECK REISSUE REQUESTS WILL BE HONORED AND YOUR RIGHT TO A DISTRIBUTION WILL BE FORFEITED BY ORDER OF THE COURT."

6. In the aggregate, GCG issued 332 replacement checks from the Second Interim Cash Distribution in the total amount of $213,452.57 from reissue requests received via mail, e-mail and telephone requests, as well as the two advanced address searches performed on March 9 and April 10, 2009.

7. As of May 1, 2009, the remaining balance in the distribution account was $396,459.86. This balance was comprised of 404 uncashed checks totaling $121,717.84, 192 undeliverable checks totaling $224,470.57, interest earned totaling $34.26, five checks being

returned by claimants as unwanted totaling $304.46, as well as overfunding of $49,932.73 at the time of distribution.

8.  On May 1, 2009, GCG was authorized by Lead Counsel to deduct $1,500 for additional fees and expenses related to the administration of the Second Interim Cash Distribution. Less this deduction, the remaining balance of $394,959.86 was sent back to the Trustees of the distribution account via electronic fund transfer on May 1, 2009.

9.  Since the return of the remaining balance of the distribution to the Trustees, GCG has continued to assist participants with inquiries related to their Second Interim Cash Distribution awards via e-mail, telephone, US Mail and fax. This correspondence includes, among other things, inquiries concerning checks being returned by the bank that were presented for payment after the final void date for all checks of April 24, 2009. These inquiries have been forwarded to Lead Counsel for handling, and a list of these claimants along with a history of their payments is attached hereto as Exhibit B.

SHANDARESE GARR

Sworn to before me this
27 day of May, 2009

NOTARY PUBLIC

Florence L. Robinson
Notary Public, State of New York
No. 01RO6142774
Qualified in Queens County
Commission Expires March 20, 20 10

# EXHIBIT A

# Greenberg
# Traurig

December 31, 2008

Dear Authorized Claimant:

On behalf of Joseph P. LaSala and Fred S. Zeidman as trustees (the "Trustees") of the AremisSoft Liquidating Trust (the "Trust"), we are pleased to attach a check representing your *pro rata* portion of a second interim cash distribution from the Trust (the "Second Interim Cash Distribution"). This Second Interim Cash Distribution equates to a recovery of approximately 1% of your remaining allowed claim.

The Trustees continue to aggressively pursue actions and recoveries against Lycourgos Kyprianou, the former chairman and co-Chief Executive Officer of AremisSoft Corporation ("AremisSoft"), as well as against several financial institutions relating to the frauds committed against AremisSoft and its former shareholders. The trial of the Trust's civil action in Cyprus against Mr. Kyprianou began in November 2008 and is expected to continue well into 2009. The Trustees also continue to work closely with governmental authorities who are investigating Mr. Kyprianou. The Trustees also continue to work closely with the United States Government (the "US Government") to seek additional redress for the former shareholders of AremisSoft. In this regard, the US Government commenced civil money-laundering actions in October 2007 against two international banks that facilitated the laundering of funds stolen from AremisSoft and its investors. Specifically, the US Government seeks damages totaling $162 million from Bank of Cyprus and $130 million from Lloyds TSB Bank. Both actions are currently pending in the United States District Court for the Southern District of New York. The Trust also has actions pending against these two banks, and is investigating claims against certain other financial institutions that were involved in the fraud on AremisSoft. In addition, the Trust is continuing to investigate and pursue secreted assets held by or on behalf of Lycourgos Kyprianou.

Recent efforts by the Trust culminated in settlements with, and the provision of important documents and testimony by, several of Mr. Kyprianou's key associates who aided and abetted the fraud on AremisSoft and its investors, as well as with certain other individuals and financial institutions. These settlements will allow the Trustees to investigate and trace certain assets and interests of Mr. Kyprianou through financial and other institutions worldwide.

The Trustees are hopeful of additional recoveries to the Trust and distributions to Authorized Claimants in the future; however, there can be no assurance that such recoveries will occur.

Sincerely,

s/ Hal M. Hirsch

Encl.

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON DC
WEST PALM BEACH
ZURICH

*Strategic Alliance
Tokyo Office/Strategic Alliance

# EXHIBIT B



AREMISSOFT CORPORATION SECURITIES LITIGATION
EXHIBIT B
CLAIMANTS WHO HAVE CONTACTED GCG WITH RETURNED CHECK INQUIRIES
LIST AS OF MAY 27, 2009

| | Claim Number | Check Number | Check Amount | Check Date | Claimant Name | Old Address | New Address | Date Received | Method of Receipt | Nature of Complaint |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2009225 | 24718 | $716.64 | 4/17/09 | Ed Parkinson | Ed Parkinson & Kim Parkinson JTTEN 10646 Early Dawn Court Las Vegas, NV 89129 | Ed Parkinson & Kim Parkinson JTTEN 207 Sun Arbor Terrace, #2207 Salt Lake City, UT 84116 | 5/4/09 | Call to GCG | Check #22956 was mailed to Mr Parkinson's old address on 12/31/08. This check was returned to GCG with an undeliverable address. As a result of the advanced address search, GCG mailed a new check to Mr Parkinson's new address on 4/17. This new check was presented to the bank after the stale date of 4/24 and was subsequently returned. Mr. Parkinson contacted GCG, the Trustees of the Fund, as well as Lead Counsel in order to find out what his next steps are. Per discussion with Lead Counsel, Mr Parkinson submitted a sworn statement that attested to the truth and accuracy of his comments and was approved for payment by the Trustees and Lead Counsel. On 5/12, $716.64 was wired back to the distribution account held by GCG and GCG subsequently wired this amount to Mr. Parkinson. |
| 2 | 4377 | 24672 | $51.66 | 4/17/09 | State Street Bank & Trust Company | Treasurer of the State of North Carolina Oppurtunstic Growth State Street Corporation c/o Sandra Polizio 1776 Heritage Drive North Quincy, MA 02171 | Treasurer of the State of North Carolina Oppurtunstic Growth State Street Bank & Trust Co. Attn: Alyson Grossberg Box 5622 Boston, MA 02206 | 5/6/09 | E-mail to GCG | Check #21433 was mailed to the claimant's old address on 12/31/08. State Street e-mailed GCG on 4/13 requesting a reissue of this check as it was now stale-dated. The reissue request was honored, and State Street was urged to cash the check immediately upon receipt. A new check was subsequently mailed to the new address on 4/17. The new check was negotiated with the bank after the 4/24 void date and was returned. State Street is now asking for another reissue. |

1 of 5



# AREMISSOFT CORPORATION SECURITIES LITIGATION
## EXHIBIT B
### CLAIMANTS WHO HAVE CONTACTED GCG WITH RETURNED CHECK INQUIRIES
### LIST AS OF MAY 27, 2009

| Claim Number | Check Number | Check Amount | Check Date | Claimant Name | Old Address | New Address | Date Received | Method of Receipt | Nature of Complaint |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 4378 | $ 5,331.07 | 4/17/09 | State Street Bank & Trust Company | NCB Al-Ahli Small Company Trading Equity Fund State Street Corporation c/o Sandra Polizio 1776 Heritage Drive North Quincy, MA 02171 | NCB Al-Ahli Small Company Trading Equity Fund State Street Bank & Trust Co Attn: Alyson Grossberg Box 5622 Boston, MA 02206 | 5/6/09 | E-mail to GCG | Check #21434 was mailed to the claimant's old address on 12/31/08. State Street e-mailed GCG on 4/13 requesting a reissue of this check as it was now stale-dated. The reissue request was honored, and State Street was urged to cash the check immediately upon receipt. A new check was subsequently mailed to the new address on 4/17. |
| 4 | 4381 | $ 280.25 | 4/17/09 | State Street Bank & Trust Company | The First Church of Christ Scientist Fund State Street Corporation c/o Sandra Polizio 1776 Heritage Drive North Quincy, MA 02171 | The First Church of Christ Scientist Fund State Street Bank & Trust Co Attn: Alyson Grossberg Box 5622 Boston, MA 02206 | 5/6/09 | E-mail to GCG | Check #21437 was mailed to the claimant's old address on 12/31/08. State Street e-mailed GCG on 4/13 requesting a reissue of this check as it was now stale-dated. The reissue request was honored, and State Street was urged to cash the check immediately upon receipt. A new check was subsequently mailed to the new address on 4/17. The new check was negotiated with the bank after the 4/24 void date and was returned. State Street is now asking for another reissue. |
| 5 | 2012019 | 24725 | $ 17.54 | 4/17/09 | Edith W. Anderson | Edith W. Anderson 4240 Hilyard Eugene, OR 97405-3907 | Edith W. Anderson 4350 Spring Blvd Eugene, OR 97405 | 5/11/09 | Call to GCG | Check #23163 was mailed to Ms. Anderson's old address on 12/31/08. This check was returned to GCG with an undeliverable address. As a result of the advanced address search, GCG mailed a new check to Ms. Anderson's new address on 4/17. This new check was presented to the bank after the stale date of 4/24 and was subsequently returned. Ms. Anderson's financial representative Jennifer McDougle called GCG on 5/11 inquiring why the check was not honored and what could be done. |

The Garden City Group, Inc.

AREMISSOFT CORPORATION SECURITIES LITIGATION
EXHIBIT B
CLAIMANTS WHO HAVE CONTACTED GCG WITH RETURNED CHECK INQUIRIES
LIST AS OF MAY 27, 2009

| | Claim Number | Check Number | Check Amount | Check Date | Claimant Name | Old Address | New Address | Date Received | Method of Receipt | Nature of Complaint |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 6056 | 24688 | $792.10 | 4/17/09 | State Street Corporation | Grantham, Mayo, Vanotterloo Small Cap c/o Investors Bank & Trust Company 200 Clarendon Street Boston, MA 02116 | Grantham, Mayo, Vanotterloo Small Cap State Street Corporation Box 5155 Boston, MA 02206 | 5/12/09 | E-mail to GCG | Check #21942 was mailed to the claimant's old address on 12/31/08. State Street e-mailed GCG on 4/14 requesting a reissue of this check as it was now stale-dated. The reissue request was honored, and State Street was urged to cash the check immediately upon receipt. A new check was subsequently mailed to the new address on 4/17. The new check was negotiated with the bank after the 4/24 void date and was returned. State Street is now asking for another reissue. |
| 7 | 2010313 | 24722 | $25.81 | 4/17/09 | Michael Long | Michael Long & Timothy B See TTEES FBO Estate of Richard R Long 1327 Sealawn Blvd Freeland, WA 98249 | Michael Long & Timothy B See TTEES FBO Estate of Richard R Long 4000 Saratoga Road Langley, WA 98260 | 5/12/09 | Mail to GCG | Check #23056 was mailed Mr. Long's old address on 12/31/08. This check was returned to GCG with an undeliverable address. As a result of the advanced address search, GCG mailed a new check to Mr. Long's new address on 4/17. This new check was presented to the bank after the stale date of 4/24 and was subsequently returned. Mr. Long wrote a letter to GCG and also contacted Lead Counsel in order to find out what his next steps are and how to be reimbursed for the $3 fee charged by his bank. A summary e-mail, along with a copy of Mr. Long's letter, was forwarded to Lead Counsel on 5/12. On May 27, Lead Counsel has informed GCG that a letter will be sent to Mr. Long rejecting his reissue request along with and explanation of why his reissue request will not be honored. |

AREMISSOFT CORPORATION SECURITIES LITIGATION
EXHIBIT B
CLAIMANTS WHO HAVE CONTACTED GCG WITH RETURNED CHECK INQUIRIES
LIST AS OF MAY 27, 2009

| | Claim Number | Check Number | Check Amount | Check Date | Claimant Name | Old Address | New Address | Date Received | Method of Receipt | Nature of Complaint |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 3712 | 24659 | $ 40.11 | 4/17/09 | Joseph Galbo | Joseph Galbo<br>93 Tranquility Place<br>Easton, CT 06612 | Joseph Galbo<br>PO Box 811261<br>Boca Raton, FL 33481 | 5/14/09 | E-mail from Counsel | Check #21058 was mailed to Mr. Galbo's old address on 12/31/08. This check was returned to GCG with an undeliverable address. As a result of the advanced address search, GCG mailed a new check to Mr. Lorg's new address on 4/17. This new check was presented to the bank after the stale date of 4/24 and was subsequently returned. Mr. Galbo contacted Lead Counsel in order to find out what his next steps are. A summary e-mail was forwarded to Lead Counsel on 5/14. On May 26, Lead Counsel has instructed GCG to honor Mr. Galbo's reissue request and a new check for $40.11 will be issued accordingly. |
| 9 | 100265 | 24691 | $ 295.60 | 4/17/09 | Nikhil Thayer | Nikhil Thayer<br>3277 NE Skidmore Street<br>Portland, OR 97211 | Nikhil Thayer<br>2954 NE 48th Avenue<br>Portland, OR 97213 | 5/21/09 | Mail to GCG | Check #22066 was mailed on 12/31/08 to Mr. Thayer's address of record of PO Box 77, Farmington, NH 03835. This check was returned to GCG with an undeliverable address. As a result of the National Change of Address search, check #24487 was mailed to 9603 Bandera Road, Apt 621, San Antonio, TX 78250. This check was again returned to GCG with an undeliverable address. As a result of the advanced address search, GCG mailed check #24691 to Mr. Thayer's old address listed at the left on 4/17. This new check was presented to the bank after the stale date of 4/24 and was subsequently returned. Mr. Thayer has now sent a letter to GCG on 5/21/09 requesting a reissue and that it be sent to his new address listed at the left. |



AREMISSOFT CORPORATION SECURITIES LITIGATION
EXHIBIT B
CLAIMANTS WHO HAVE CONTACTED GCG WITH RETURNED CHECK INQUIRIES
LIST AS OF MAY 27, 2009

| Claim Number | Check Number | Check Amount | Check Date | Claimant Name | Old Address | New Address | Date Received | Method of Receipt | Nature of Complaint |
|---|---|---|---|---|---|---|---|---|---|
| 10 | 1073 | 20055 | $ 45.50 | 12/31/08 | Derek Heuser | Derek Heuser 209 Cromwell Avenue Oshawa, Ontario Canada L1J 4T7 | Derek Heuser 11 Crabtree Lane Ajax, Ontario Canada L1S 3N7 | 5/25/09 | Fax to GCG | Check #20055 was mailed to Mr Heuser's old address on 12/31/08. This check was not returned to GCG as undeliverable and has simply remained uncashed. Mr. Heuser has now sent a fax to GCG on 5/25/09 providing a change of address request, as well as a reissue request for any check that was sent to his old address and has not been cashed |
| 11 | 3888 | 24660 | $ 8.35 | 4/17/09 | James T Maffia | James T Maffia TTEE James T. Maffia 1996 Trust 4501 Opal Drive Hoffman Estates, IL 60195-1186 | James T Maffia TTEE James T Maffia 1996 Trust 167 Abbey Springs Drive Fontana, WI 53125 | 5/26/09 | Mail to GCG | Check #21129 was mailed to Mr Maffia's old address on 12/31/08. This check was returned to GCG with an undeliverable address. As a result of the advanced address search, GCG mailed a new check to Mr. Maffia's new address on 4/17. This new check was presented to the bank after the stale date of 4/24 and was subsequently returned. Mr. Maffia has now sent a letter to GCG on 5/26/09 requesting an explanation of why his check was returned and his account debited |
| Number of Records = 11 | | TOTAL = $ 7,604.63 | | | | | | | |